## CHRISTMAN v. NEW YORK AIR BRAKE CO.

District Court, N. D. New York.

Dec. 14, 1928.

Wilson & Hennessy, of Syracuse, N. Y., and William D. Tatlow, for plaintiff.

Charles Neave and William G. McKnight, both of New York City, for defendant.

BRYANT, District Judge.

This action was brought in equity for an alleged infringement of claims 1 and 5 of reissue patent 13,272 granted to Christman and Johnson in July, 1911, for a piston valve.

The action was tried before the late Judge Ray and submitted a short time prior to his death. After his death, through some inadvertence, the papers, including evidence, briefs, etc., were shipped from his chambers and filed in the clerk's office, and were not brought to the attention of the court for several years thereafter. This incident is regrettable because it has long delayed decision in the case.

On October 31, 1907, Matthias Christman and Edward Johnson filed application for a patent on piston valves for air pumps and patent No. 904,839 was issued on November 24, 1908. At the time of the commencement of this action, the patentees had not engaged in the business of manufacturing the devices covered by the patent, and no licenses had been granted thereunder. The patentees, soon after the obtaining of the patent, offered the same for sale, to defendant among others. Correspondence, covering quite some period, passed between the parties, and resulted in the patentees shipping their device to defendant for examination. The device was returned, and the negotiations for purchase and sale were ended. Soon thereafter the patentees made claim that defendant was manufacturing and selling air pumps which infringed upon their patent. This the defendant denied, and the patentees, after investigation, seem to have conceded that the device used by defendant was not an infringement upon their patent. Immediately or soon after the discovery of this fact they made application for a reissue of the patent. The original patent contained three claims, and the reissue covered these three claims and three others. The reissue patent was granted in July, 1911, and the interest of Johnson was

soon thereafter assigned to plaintiff. This action, based upon alleged infringement of claims 1 and 5 thereof, was commenced in August, 1917. The bill asks for injunctive relief and an accounting of pumps sold by defendant since July, 1911.

The subject-matter of the original patent is a reversing piston valve, and "relates to improvements in valves for air and liquid pumps, the object of which is to provide a reversing piston valve that will be steam tight, durable and easily operated." A study of the prior art shows that piston valves had been in use for a long number of years prior to the time of the filing of the application by Christman and Johnson. Their use was not novel or new. They were used for the distribution of steam in all kinds of engines using or having high steam pressure while with low or moderate steam pressure the slide valve more generally was in use.

The fact that piston valves were not new and that their uses in connection with steam engines were not novel leads to the conclusion that the original patent of Christman and Johnson cannot be considered in any sense a basic patent, but at the most simply an improvement upon the art and devices known and used, and the patent must be confined strictly to the form and uses stated in the specifications. This construction seems to be in accord with the patentees' views. Evidently they did not consider the original patent entitled to a construction broad enough to cover the devices of defendant. They sought to protect the use of the valve by a reissue.

At about the time Christman and Johnson obtained their patent the defendant commenced applying piston valves to its pumps. There is some discrepancy in the evidence as to whether this device was adopted by the defendant prior to the date of the original patent to Christman and Johnson or subsequent thereto. This does not seem to be important because, after careful comparison, the device as used by the defendant cannot be construed an infringement upon the alleged original patent of Christman and Johnson. This conclusion is not questioned by the patentees. They do claim, however, that it is an infringement of the reissue. The evidence shows that in 1908, at a time prior to the issue of the original patent, defendant substituted piston valves for the slide valves then being used in its air pumps. In June, 1908, engineering tests of these pumps were made. These five pumps were given a further test in September, 1908, and, after proof of operating properly, were assigned serial numbers, and on November 6, 1908, were sold and shipped to American Locomotive Company of Schenectady, N. Y. This sale was prior to the grant of the original patent. The construction of these pumps, made prior to the issuance of the original patent, is shown to be identical with the pumps charged to infringe the reissue. Between the date of the original patent and the application for the reissue, the defendant made and sold some nineteen hundred of these pumps. Therefore the record clearly establishes that defendant did in fact make and sell, from the date of the issuance of the original patent to the time of application for the reissue, large numbers of pumps of a design not covered by the claims of the original patent but claimed to be covered by the reissue. This action on the part of the defendant seems to place it squarely within the authority of Auto Piano Company v. American Player Action Company (C. C. A.) 222 F. 276. Under the authority of last-cited case, Ashley et al. v. Samuel C. Tatum Co. (D. C.) 240 F. 979, and similar cases, complainant cannot be allowed to claim infringement of defendant in continuing the manufacture and sale which it entered upon long before the reissue.

Having reached the above decision, it is not necessary, considering the dates of issue of the patent and reissue patent, to pass upon their validity. Defendant may have judgment of dismissal, with costs.